# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**TERESA WATTS**
725 Sanders Drive
Hamilton, Ohio 45013,

      **Plaintiff,**

**V.**

**UNITED PARCEL SERVICE**
1951 Logan Avenue
Hamilton, Ohio 45011,

      **Defendant.**

Case No. C-1-03-589

Judge WEBER

J. HOGAN

03 AUG 20 PM 4:51

---

## COMPLAINT AND JURY DEMAND

---

Now comes Teresa Watts, who for her Complaint against United Parcel Service, states as follows:

### I. PRELIMINARY STATEMENT

1.    This is a civil rights action brought by Plaintiff Teresa Watts, alleging that Defendant, United Parcel Service, discriminated against Plaintiff on the basis of gender, disability and/or the perception thereof and retaliated against her for engaging in protected activity. Relief sought by Plaintiff includes monetary relief for economic and non-economic damages, equitable relief, punitive damages, costs, and reasonable attorneys' fees.

2.    This action arises under 42 U.S.C § 2000e-2, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 12112, the Americans with Disabilities Act ("ADA"), O.R.C. §§ 4112.02 and 4112.99, and the common law of Ohio regarding unlawful discrimination in employment.

## II.  JURISDICTION

3.     This Court's jurisdiction over this action is based on 28 U.S.C. § 1331.  Jurisdiction

of this Court is also invoked under 28 U.S.C. § 1367, which provides supplemental jurisdiction for

Plaintiff's claims under the Ohio Civil Rights Act (O.R.C. § 4112.02), and the common law of Ohio

regarding unlawful discrimination.  Plaintiff's state law claims derive from the same nucleus of

operative facts as the Plaintiff's federal claims.

4.     Venue with this Court is appropriate because all of the actions complained of herein

occurred within the Southern District of Ohio.

## III.  ADMINISTRATIVE HISTORY

5.     On or about March 6, 2003, Plaintiff filed a Charge of Discrimination (Charge No.

221A300415) with the Equal Employment Opportunity Commission ("EEOC"), alleging ongoing

employment discrimination on the basis of disability and/or gender.  A copy of said Charge is

attached as Exhibit A.

6.     On or about May 23, 2003, Plaintiff received her Right to Sue Notice from the EEOC.

A copy of said Notice is attached as Exhibit B.

7.     On or about July 9, 2003, Plaintiff filed a second Charge of Discrimination with the

EEOC, alleging ongoing gender discrimination and retaliation.  A copy of said Charge is attached

as Exhibit C. Plaintiff is awaiting a Right to Sue Notice with respect to this charge.

## IV.  PARTIES

8.     Plaintiff, Teresa Watts, is a female citizen of the United States.  Ms. Watts has been

employed by Defendant United Parcel Service since 1990 at its Hamilton, Ohio facility.

2

9.     Defendant, United Parcel Service ("UPS"), the world's largest package delivery company, operates a local service facility in Hamilton, Ohio.  UPS employs more than 300 employees.

## V. STATEMENT OF CLAIMS

10.     Plaintiff sustained an injury in the course of her employment on or about June 29, 2000.  As a result of said injury, Plaintiff has been diagnosed with herniated discs in her back. Plaintiff has also been diagnosed with degenerative disc disease.  Plaintiff's claim for workers' compensation benefits as a result of her injury was allowed.

11.     Plaintiff's condition is permanent or expected to persist, at a minimum, for more than a few months.  Defendant has at all relevant times been aware of Ms. Watts's injury and diagnosis. Upon sustaining the injury, Ms. Watts informed Defendant and received temporary total disability payments.  Further, Ms. Watts has provided Defendant with multiple medical releases concerning her injury and diagnosis.

12.     As a result of her diagnosis, Ms. Watts has a disability or a history or record of impairment within the meaning of 42 U.S.C.§12102(2) and as provided in 29 C.F.R. §1630.2(h), and Plaintiff is regarded as disabled by Defendant.

13.     Under the policies, practices and procedures in effect at all times material hereto, UPS employees injured in the course of duty are entitled to return to work when fit for duty.  Consistent with this right, the applicable collective bargaining agreement provides a procedure for determining an injured employee's fitness for duty.

3

14. Defendant has a policy and practice of providing injured employees who are unable to return to their full duties with "Temporary Alternative Work" (TAW) to enable them to return to work on a light duty basis.

15. Beginning in or around early November, 2002, Plaintiff provided Defendant with several releases authorizing her to return to work subject to various limitations. In each instance, the limitations were such that Plaintiff could have returned to work on TAW. Despite the availability of TAW, Defendant refused to return Plaintiff to work on any basis.

16. Thereafter, on or about December 4, 2002, Ms. Watts was examined by a doctor, and obtained another medical release to return to work. In this release, the doctor identified by Defendant recommended that Plaintiff could return to work on light duty for a limited period of time, and thereafter, to full duty. As before, Defendant refused to accommodate Ms. Watts's temporary work restrictions with the TAW afforded other employees and denied her request to return to work.

17. On or about January 14, 2003, Ms. Watts provided Defendant a fourth medical release, again from the doctor identified by Defendant. Under its terms, Ms. Watts was released to work without any physical restrictions. Specifically, Ms. Watts was released to perform light duty work for thirty (30) days, at which time she would receive a full medical release contingent upon physical improvement. Despite receipt of the fourth medical release, Defendant refused to allow Ms. Watts to return to work.

18. At all of the above times, Defendant had TAW available for Plaintiff. Defendant's decision to deny Plaintiff the opportunity to return to work on TAW or otherwise was inconsistent with the manner in which it treated other employees who were not female or who were not disabled or regarded as disabled.

4

19.     On or about January 16, 2003, Ms. Watts's supervisor indicated that Defendant refused to return Plaintiff because it felt that Ms. Watts, because of her actual or perceived disability, would perform TAW briefly  and then return to medical leave.  Plaintiff's supervisor additionally stated that he could not afford to bring Ms. Watts back to work and would not allow her to work until she had a full work release without any restrictions.  As reflected by the statements of Plaintiff's supervisor, Defendant's refusal to provide Plaintiff with TAW on the same terms as other employees was based upon Defendant's perception that Ms. Watts had a disability or impairment within the meaning of 42 U.S.C. §12102(2).

20.     On or about March 7, 2003, Ms. Watts submitted a Request for Accommodation to Defendant pursuant to 42 U.S.C. § 12112, the ADA.  At Defendant's request on May 14, 2003, Ms. Watts obtained a fifth medical release form to accompany the Request.  In this release, a physician authorized Ms. Watts to perform TAW for thirty (30) days.  After that time, she would be released to work full duty.  Defendant did not respond to Ms. Watts' properly supported request until four months later when, on July 23, 2003, Ms. Watts received notice from Defendant that her Request had been denied.

21.     Defendant routinely grants TAW to male employees and/or employees without a disability or a history or record of impairment within the meaning of 42 U.S.C. §12102(2)  who are not perceived as disabled.  Such employees are granted multiple periods of TAW and extensions of TAW when needed and/or requested.  Such employees who requested TAW after Ms. Watts submitted her requests for TAW have been given TAW assignments.  Defendant's claim that it did not have any TAW for Ms. Watts is untrue.

22.     Defendant has retaliated against Ms. Watts for engaging in protected activity, (i.e., seeking an accommodation, filing an EEOC Charge, and raising concerns about and objecting to her treatment).  Among other things, Defendant inappropriately and inconsistently required Ms. Watts to allow a nurse designated or employed by Defendant to schedule appointments for and accompany Ms. Watts to medical appointments, and Defendant required Ms. Watts to be examined by a psychologist to discuss the possibility of her not being allowed to return to work and her potential career options.

23.     Upon information and belief, male employees of Defendant seeking to obtain TAW and return to work are not required to accept the services of a nurse or undergo a psychologist's assessment and career counseling.

24.     Upon information and belief, employees of Defendant without an actual or perceived disability or a history or record of impairment within the meaning of 42 U.S.C.§12102(2) seeking to obtain TAW and return to work, are not required to accept the services of a nurse or undergo a psychologist's assessment and career counseling.

25.     The decision to deny Ms. Watts TAW which would allow her to return to employment with Defendant was based upon Ms. Watts's gender.  Alternatively, said decision was motivated by Ms. Watt's disability and/or the perception or record thereof.

26.     Defendant retaliated against Ms. Watts by requiring her to use medical and psychological help, by intentionally delaying and denying Ms. Watts's accommodation request, and in other ways.  Defendant's retaliation was in response to Ms. Watts's protected activity.

27.     As a direct and proximate result of the intentional and unlawful acts of Defendant, Ms. Watts has suffered economic damages in the form of back pay and lost employment benefits,

6

including health insurance and non-economic damages in the form of physical and emotional pain and suffering and damage to her professional reputation.

## COUNT ONE

28.     Plaintiff incorporates by reference paragraphs one through twenty-seven as if written herein.

29.     The actions of Defendant violated Plaintiff's rights as secured by 42 U.S.C. § 12112, the ADA, to be free from discrimination on the basis of disability, or the history or perception thereof, in the terms, conditions of, and opportunities for employment.

## COUNT TWO

30.     Plaintiff incorporates by reference paragraphs one through twenty-nine as if written herein.

31.     The actions of Defendant violated Plaintiff's rights as secured by 42 U.S.C § 2000e-2, Title VII of the Civil Rights Act of 1964, to be free from discrimination on the basis of gender in the terms, conditions of, and opportunities for employment.

## COUNT THREE

32.     Plaintiff incorporates by reference paragraphs one through thirty-one as if written herein.

33.     The actions of Defendant violated Plaintiff's rights as secured by O.R.C. § 4112.02, *et seq*., to be free from discrimination on the basis of disability in the terms, conditions of, and opportunities for employment.

## COUNT FOUR

7

34. Plaintiff incorporates by reference paragraphs one through thirty-three as if written herein.

35. The actions of Defendant violated Plaintiff's rights as secured by O.R.C. § 4112.02, to be free from discrimination on the basis of gender in the terms, conditions of, and opportunities for employment.

## COUNT FIVE

36. Plaintiff incorporates by reference paragraphs one through thirty-five as if written herein.

37. The actions of Defendant violated Plaintiff's rights as secured by 42 U.S.C. § 2000e-3, O.R.C. § 4112.99, and 42 U.S.C. §12203 to be free from acts of retaliation for opposition to, or participation in proceedings opposing, acts of discrimination.

**WHEREFORE**, Plaintiff, Teresa Watts, demands judgment against Defendant, United Parcel Service, as follows:

1. A judgment for compensatory damages for Plaintiff's economic damages as well as non-economic damages in an amount to be determined at trial.

2. An award of punitive damages in an amount to be determined at trial.

3. An award of Plaintiff's reasonable attorneys' fees and costs; and

4. A judgment for such other relief in law or equity to which Plaintiff is entitled under the premises; and

5. A judgment for the reinstatement of Plaintiff to her previous employment position.

8

Respectfully submitted,

SIRKIN, PINALES, MEZIBOV & SCHWARTZ LLP

_____

MARC D. MEZIBOV (Ohio Bar No. 0019316)
CHRISTIAN A. JENKINS (Ohio Bar No. 0070674)
SUSAN E. BRABENEC (Ohio Bar No. 0075200)
105 W. Fourth Street, Suite 920
Cincinnati, Ohio 45202
Telephone (513) 721-4876
Telecopier (513) 721-0876

Counsel for Plaintiff, Teresa Watts

## JURY DEMAND

Plaintiff demands that all issues of fact pursuant to the foregoing Complaint be tried to a jury.

Respectfully submitted,

SIRKIN, PINALES, MEZIBOV & SCHWARTZ LLP

_____

MARC D. MEZIBOV (Ohio Bar No. 0019316)
CHRISTIAN A. JENKINS (Ohio Bar No. 0070674)
SUSAN E. BRABENEC (Ohio Bar No. 0075200)
105 W. Fourth Street, Suite 920
Cincinnati, Ohio 45202
Telephone (513) 721-4876
Telecopier (513) 721-0876

Counsel for Plaintiff, Teresa Watts

9

**EXHIBIT**

A

his form is affected by the Privacy       . of 1974; See Privacy Act Statement before
ompleting this form.

☐ FEPA
☒ EEOC   221A300 415

_____ and EEOC

*State or local Agency, if any*

AME *(Indicate Nr., Ms., Mrs.)*                                    HOME TELEPHONE *(Include Area Code)*

Ms. Teresa L. Watts                                               (513) 868-8098

TREET ADDRESS              CITY, STATE AND ZIP CODE              DATE OF BIRTH

725 Sanders Dr., Hamilton, OH 45013                              02/15/1971

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE,
STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

AME                              NUMBER OF EMPLOYEES, MEMBERS    TELEPHONE *(Include Area Code)*

UNITED PARCEL SERVICE            Cat D (501 +)                    (513) 863-1718

TREET ADDRESS              CITY, STATE AND ZIP CODE              COUNTY

1951 Logan Ave., Hamilton, OH 45011                              017

AME                                                             TELEPHONE NUMBER *(Include Area Code)*

TREET ADDRESS              CITY, STATE AND ZIP CODE              COUNTY

AUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*    DATE DISCRIMINATION TOOK PLACE
                                                                 EARLIEST          LATEST
☐ RACE    ☐ COLOR    ☒ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER *(Specify)*         01/14/2003   01/14/2003
                                                                 ☐ CONTINUING ACTION

HE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

   I. I was employed ~~as a Package Car Driver~~ from March of 1990
      through ~~January~~ of 2003. From November, 2002 through ~~January 14,~~  *present*
      2003, Gary Koffman (my immediate supervisor) refused to allow me
      to return to work after my doctor approved my return to work.
      Koffman ~~terminated me~~ after he said he could not provide me with
      a reasonable accommodation.  HAS NOT ALLOWED ME TO RETURN ⓐ

  II. Mr. Koffman told me there was no work available for me.

 III. I believe that I have been discriminated against because of my
      medical history in violation of Title I of the Americans with
      Disabilities Act. My doctor released me to return to work and
      I am able to perform the essential functions of the job.


          I WAS A PACKAGE CAR DRIVER FROM APRIL 1999 TO PRESENT
              PARTTIME BEFORE THAT.                    ⓐⓥ


                              EEOC, CINCINNATI AREA OFFICE

                              MAR 0 6 2003

                              RECEIVED

I want this charge filed with both the EEOC and the State or    NOTARY - (When necessary for State and Local Requirements)
Local Agency, if any. I will advise the agencies if I change my
address or telephone number and cooperate fully with them in the  I swear or affirm that I have read the above charge and that
processing of my charge in accordance with their procedures.      it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true    SIGNATURE OF COMPLAINANT
and correct.                                                     *Teresa L. Watts*

                                                                 SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
         *Teresa L. Watts*                                       (Month, day and year)
ate 3-4-03   Charging Party *(Signature)*                        3-4-2003    *Nancy G. Simmons*

EOC FORM 5 (Rev. 07/99)                                          NANCY G. SIMMONS
                                                                 Notary Public, State of Ohio
                                                                 My Commission Expires June 07, 2007

orm 161 (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Teresa L. Watts
725 Sanders Drive
Hamilton, Ohio 45013

From: Equal Employment Opportunity Commission
550 Main Street, Suite 10-019
Cincinnati, Ohio 45202

[ ]    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| e No. | EEOC Representative | Telephone No. |
|---|---|---|
| 300415 | Legal Unit Duty Officer | (216) 522-7455 |

## EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]    Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[  ]    We cannot investigate your charge because it was not filed within the time limit required by law.

[  ]    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]    While reasonable efforts were made to locate you, we were not able to do so.

[  ]    You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]    Other *(briefly state)* _____

### – NOTICE OF SUIT RIGHTS –
*(See the additional information attached to this form.)*

: VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge deral or state court. **Your lawsuit must be filed WITHIN 90 DAYS from your receipt of this Notice**; otherwise, your right to sue based is charge will be lost. (The time limit for filing suit based on a state claim may be different.)

al Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA rpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not ollectible.

On behalf of the Commission

*Wilma Javey*                        5/23/2003

Wilma L. Javey, Area   Director                    *(Date Mailed)*

osure(s)

Joel Kolb
United Parcel Service
1951 Logan Avenue
Hamilton, Ohio 45011

EXHIBIT

B

| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974; See Privacy Act<br>Statement before completing this form. | AGENCY<br>☐ FEPA<br>☒ EEOC | CHARGE NUMBER<br>221-2003-01360 |
|---|---|---|

_____ and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.)<br>Ms. Teresa L. Watts | HOME TELEPHONE (Include Area Code)<br>(513) 868-8098 | |
|---|---|---|
| STREET ADDRESS<br>725 Sanders Dr., Hamilton, Ohio 45013 | CITY, STATE AND ZIP CODE | DATE OF BIRTH<br>02/15/71 |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** *(if more than one list below.)*

| NAME<br>United Parcel Service | NUMBER OF EMPLOYEES, MEMBERS<br>Cat. D (501+) | TELEPHONE (Include Area Code)<br>(513) 863-1718 |
|---|---|---|
| STREET ADDRESS   CITY, STATE AND ZIP CODE<br>1951 Logan Ave., Hamilton, Ohio 45011 | | COUNTY<br>017 |
| NAME | TELEPHONE NUMBER (Include Area Code) | |
| STREET ADDRESS   CITY, STATE AND ZIP CODE | | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))<br>☐ Race  ☐ Color  ☒ Sex  ☐ Religion  ☐ National Origin<br>☒ Retaliation  ☐ Age  ☐ Disability  ☐ Other (Specify) | DATE DISCRIMINATION TOOK PLACE<br>earliest (ADEA/EPA)   LATEST(ALL)<br>05/15/03<br>☒ Continuing Action |
|---|---|

THE PARTICULARS ARE  (If additional space is needed, attach extra sheet(s(s)):

I.    On March 6, 2003, I filed Case No. 221A300415 with the EEOC, charging that United Parcel Service ("UPS"), discriminated against me on the bases of my gender and disability.  On March 7, 2003, I mailed to UPS a Request for Accommodation pursuant to the Americans with Disabilities Act (ADA).

II.    On March 11, 2003, UPS responded to my March 7th request by providing medical forms to be completed by my physician.  I secured a physician's appointment on May 14, 2003 and returned the completed medical forms to UPS on May 15, 2003.  In the submitted medical forms, my physician wrote that I should perform light duty work for thirty (30) days and then would be relased to work full duty contingent upon my physical improvement.

III.    I received no communication from UPS regarding my Request for the next thirty-eight (38) days. On June 23, 2003, I received a voice-mail message from David Holzknecht regarding my request.  Mr. Holzknecht stated that the UPS Cincinnati committee considering my request had reached a recommendation which was being forwarded to the UPS Chicago office for acceptance.

IV.    I believe UPS has delayed the process of responding to my request in a continuing act of retaliation for my filing EEOC charges of gender and disability discrimination.

**EXHIBIT**

C

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge In accordance with their procedures.

NOTARY – (when necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge. information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

*Teresa L Watts*

Date  7-7-03    Charging Party (signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Month, day and year)

7-7-03    *Audrey E. Dunaway*

**Audrey E. Dunaway
In and for the State of Ohio
My Commission Expires April 3rd, 2008**

%JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Teresa L. Watts

## DEFENDANTS

United Parcel Service

**(b)** County of Residence of First Listed Plaintiff    Hamilton
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Hamilton
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Sirkin, Pinales, Mezibov & Schwartz LLP
920 Fourth & Race Tower, 105 West Fourth St.
Cincinnati, Ohio 45202-2726
513-721-4876

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC Section 2000e-2 (Title VII of Civil Rights Act of 1964); 42 USC Section 12112 (American with Disability Act)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE        DOCKET NUMBER

DATE
8/20/03

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____