# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TERESA WATTS,

      Plaintiff,                    :         Case No. 1:03-CV-589

  -vs-                                     Magistrate Judge Michael R. Merz

                               :

UNITED PARCEL SERVICES, INC.,

      Defendant.

## DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION

This case is before the Court on Defendant's Motion for Reconsideration Regarding Preemption (Doc. No. 206) which Plaintiff opposes (Doc. No. 213).

Defendant asserts Plaintiff's claims are preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. If the claims were preempted, the case would be subject to dismissal because Plaintiff has not made her union a party and did not file the case within the six-month statute of limitations for § 301 actions.

The decision on which reconsideration is sought is Judge Weber's Order of November 23, 2005 (Doc. No. 47) which denies Defendant's Motion for Summary Judgment (Doc. No. 23). Defendant had included in its Motion a preemption argument. *Id.,* PageID 132-134. While Judge Weber did not discuss the issues involved with the § 301 argument, his Order plainly denies UPS's preemption claim.

Plaintiff argues that Defendant's request for reconsideration is barred by the law of the case doctrine. Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F 3d

1

1419, 1421 (6th Cir. 1994), citing *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), citing 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 643, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005). "Law of the case directs a court's discretion, it does not limit the tribunal's power." *Id.*, citing *Southern R. Co. v. Clift*, 260 U.S. 316, 319, 43 S. Ct. 126, 67 L. Ed. 283 (1922); *Messenger v. Anderson*, 225 U.S. 436, 32 S. Ct. 739, 56 L. Ed. 1152 (1912); *see also Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586, 589-90 (6th Cir. 1995). "While the 'law of the case' doctrine is not an inexorable command, a decision of a legal issue establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *White v. Murtha*, 377 F.2d 428 (5th Cir. 1967), quoted approvingly in *Association of Frigidaire Model Makers v. General Motors Corp.*, 51 F.3d 271, (6th Cir. 1995). The doctrine applies with equal force to the decisions of coordinate courts in the same case and to a court's own decisions. *Christianson v. Colt Industries,* 486 U.S. 800, 816 (1988). But, "[a]t the trial level, the doctrine of the law of the case is little more than a management practice to permit logical progression toward judgment. Prejudgment orders remain interlocutory and can be reconsidered at any time." Moore at ¶0.404. The purpose of the doctrine is twofold: (1) to prevent the continued litigation of settled issues; and (2) to assure compliance by inferior courts with the decisions of superior courts. *United States v. Todd*, 920 F.2d 399 (6th Cir. 1990), citing Moore's Federal Practice.

      The mandate rule is a specific application of the law-of-the-case doctrine. The basic tenet

2

of the mandate rule is that a district court is bound to the scope of the remand issued by the court of appeals. *United States v. Campbell,* 168 F.3d 263, 265 (6th Cir. 1999).

> The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill*, 377 F.3d 565, 569-70 (6th Cir. 2004) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983)). The doctrine precludes a court from reconsideration of issues "decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition." *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (quoting *Coal Res., Inc. v. Gulf & Western Indus., Inc.,* 865 F.2d 761, 766 (6th Cir. 1989)). Pursuant to the law of the case doctrine, and the complementary "mandate rule," upon remand the trial court is bound to "proceed in accordance with the mandate and law of the case as established by the appellate court." *Id.* (quoting *Petition of U.S. Steel Corp.*, 479 F.2d 489, 493 (6th Cir.), cert. denied, 414 U.S. 859, 94 S. Ct. 71, 38 L. Ed. 2d 110 (1973)). The trial court is required to "implement both the letter and the spirit" of the appellate court's mandate, "taking into account the appellate court's opinion and the circumstances it embraces." *Brunet v. City of Columbus*, 58 F.3d 251, 254 (6th Cir. 1995).

*Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006). Where there is substantial doubt as to whether a prior panel actually decided an issue, the district court should not be foreclosed from considering the issue on remand. *Id*. at 539, citing *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 398 (3d Cir. 2003).

This case was of course before the Sixth Circuit on Plaintiff's appeal from the final judgment of May 13, 2008 (Doc. No. 172). Defendant filed no cross-appeal, although Judge Weber's decision denying preemption became final only at that point and could have been the subject of a cross-appeal by UPS. It is clear from their opinion that the Sixth Circuit panel did not decide this issue. *Watts v. United Parcel Service*, 378 Fed. Appx. 520, 2010 U.S. App. LEXIS 10257 (May 20, 2010). In the course of her opinion for the court, Judge White discusses the relationship of various Temporary Alternate Work requirements with the collective bargaining agreement. *Id.* \*\*24-25. However, she does not make any finding or conclusion which can properly be treated as bearing on

this issue.  This Court is  not bound to refuse reconsideration on the basis of the Sixth Circuit's decision and mandate.

The Court will reconsider Judge Weber's decision because, if the issue should be presented to the Sixth Circuit in the future, that court should have the benefit of this Court's analysis on the issue, rather than just the conclusion included in Judge Weber's Order.

> [The Sixth Circuit has] developed a two-step approach for determining whether section 301 preemption applies. First, the district court must examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms. *Terwilliger v. Greyhound Lines, Inc*., 882 F.2d 1033, 1037 (6th Cir. 1989), cert. denied, 495 U.S. 946, 109 L. Ed. 2d 531, 110 S. Ct. 2204 (1990). Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. If the right both is borne of state law and does not invoke contract interpretation, then there is no preemption. However, if neither or only one criterion is satisfied, section 301 preemption is warranted. *Id. See also Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1331 (6th Cir.), *cert. denied*, 493 U.S. 992, 107 L. Ed. 2d 537, 110 S. Ct. 539 (1989).

*DeCoe v. GMC,* 32 F.3d 212, 216 (6th Cir. 1994).  Plaintiff's claim in this case is that UPS regarded her as disabled and therefore refused her an assignment in the Temporary Alternate Work program. The right that she has to be free from this type of discrimination is created by the Americans with Disabilities Act, not by the collective bargaining agreement.  Proof of that cause of action does not require the Court to interpret the collective bargaining agreement because the TAW with its various rules and limitations is not created by the CBA.  Instead, the collective bargaining agreement allows UPS to "continue" a program such as TAW with the proviso that it must be reduced to writing and a copy of that writing must be submitted to the National Safety and Health Committee [presumably of the International Brotherhood of Teamsters] and the affected Local Union (Excerpt from collective bargaining agreement attached to Doc. No. 213, PageID 3262.)  Thus the right Plaintiff asserts is not created by the collective bargaining agreement and the Court will not be required to

4

interpret the collective bargaining agreement in deciding the case.

      Defendant's Motion for Reconsideration is denied on the basis of the foregoing analysis.

February 9, 2011.

                                              s/ **Michael R. Merz**
                                          United States Magistrate Judge