# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TERESA WATTS,

      Plaintiff,      :      Case No. 1:03-cv-589

  -vs-      Magistrate Judge Michael R. Merz

      :

UNITED PARCEL SERVICES, INC.,

      Defendant.

## DECISION AND ORDER DENYING MOTION TO FILE
## MOTION IN LIMINE *NUNC PRO TUNC*

This case is before the Court on Plaintiff's amended Motion to File Motion in Limine *Nunc Pro Tunc* (Doc. No. 217). The amendment was made necessary by Plaintiff's counsel's failure to follow the Court's "civility" rule, S. D. Ohio Civ. R. 7.3, and seek consent of opposing counsel prior to requesting an extension of time (See notation order denying Doc. No. 211).

In the ordinary course of trial preparation, motions in limine would have been due on February 4, 2011, ten days before the start of trial. During the final pretrial conference, at Plaintiff's counsel's request, the Court moved that date to Monday, February 7, 2011. However, Plaintiff's Motion in Limine (Doc. No. 212) was not filed until 2:33 P.M. on February 8, 2011.

A federal court may extend the time to accomplish some act required to be done for good cause and "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Counsel's claim of excusable neglect is that "counsel believed it had been filed along with jury instructions which were timely submitted on that date."

The Court assumes trial counsel for both parties are at least as much engaged with this case

1

during this last week before trial as the Court is.  So, for example, there have been twelve filings in the case between when Plaintiff filed her proposed jury instructions at 4:24 P.M. on February 7, 2011, and when the Court began preparation of this Order at 5:40 P.M. on February 9, 2011, about 49 hours later.  Anyone who looked at the docket after 4:24 P.M. on Monday would have known that Plaintiff's Motion in Limine had not been filed on Monday and was not filed until 2:33 P.M., almost the close of business on Tuesday.  The Court is not advised why Plaintiff's counsel would have had the belief that the Motion had been filed with the proposed jury instructions.  Were they at some point part of the same electronic file so that one might have supposed they were filed together? The proposed jury instructions are signed by Plaintiff's trial attorney under penalty of Fed. R. Civ. P. 11, which presumably implies that the attorney has read the document before signing it.[1]  Given these circumstances, Plaintiff has not shown excusable neglect.

"Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."  *Pioneer Inv. Services v. Brunswick Associates*, 507 U.S. 380 (1993). Excusable neglect is a strict standard which is met only in extraordinary circumstances, *Nicholson v. City of Warren*, 467 F. 3d 525 (6th Cir. 2006), *citing Marsh v. Richardson*, 873 F. 2d 129, 130 (6th Cir. 1989).

Apart from its tardiness, the Plaintiff's Motion in Limine features an abrupt and unexplained about face: Plaintiff now seeks to exclude all of her Workers' Compensation file as irrelevant after having designated the file as a Plaintiff's exhibit for trial, PX 67.  Defendant is entitled to have placed some reliance on that designation.

---

[1]Prior to its amendment in 1983, Fed. R. Civ. P. 11 provided that an attorney's signature expressly certified that he had read the document.

Accordingly, Plaintiff's amended Motion to File Motion in Limine *Nunc Pro Tunc* (Doc. No. 217) is denied and Plaintiff's Motion in Limine (Doc. No. 212) is stricken as untimely filed. This ruling is of course without prejudice to renewal of evidentiary objections when documents are offered at trial.

February 10, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge